UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL GADDY, | ) | Case No.: 1:25-cv-00490-SKO (HC) |
| Petitioner, | ) ) ) | ORDER TO ASSIGN DISTRICT JUDGE TO CASE |
| v. | ) ) | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| P. HORN, | ) ) ) | [21-DAY OBJECTION DEADLINE] |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is in custody of the California Department of Corrections and Rehabilitation ("CDCR") serving an indeterminate sentence of 32 years-to-life pursuant to a judgment of the Kings County Superior Court. See Gaddy v. Hedgpeth, Case No. 1:09-cv-01203-AWI-JLT HC (E.D.Cal. 2009).[1] On February 15, 2007, Petitioner was convicted by jury trial of assault with malice

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

aforethought and by means of force likely to produce great bodily injury while undergoing a life sentence, (Cal. Pen. Code § 4500), and battery on a non-confined person (Cal. Pen. Code 4501.5). Id. The jury also found that Petitioner had suffered a prior "serious" felony conviction and three prior strike convictions. Id.

In this petition, Petitioner claims he has not been given a parole suitability hearing pursuant to California law in violation of his due process rights. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

## DISCUSSION

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Failure to State a Cognizable Federal Claim

The petition fails to state a cognizable habeas claim. Petitioner claims he is serving a sentence of life with possibility of parole plus 11 years and 8 months for a 1993 Los Angeles County conviction for attempted murder and robbery. (Doc. 1 at 1.) He claims he has not been given a parole suitability hearing despite serving 32 years in prison. The claim does not sound in habeas and is clearly frivolous.

Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

Here, Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.") Petitioner fails to state a cognizable federal habeas claim, and the petition should be dismissed.

Moreover, Petitioner's claim that his due process rights have been violated is frivolous. Petitioner omits the fact that he was convicted in Kings County Superior Court in 2007 for assault with malice aforethought and by means of force likely to produce great bodily injury while serving a life sentence and battery on a non-confined person, for which he was sentenced to a term of 32-years-to-life. Under California law, Petitioner's minimum term of imprisonment before eligibility for parole is 32 years from 2007, i.e., 2039. See Cal. Penal Code § 3046(a)(2); People v. Jefferson, 21 Cal.4th 86, 92-93 (Cal. 1999). Under California law, the Board of Parole Terms is not tasked with conducting a parole suitability hearing until one year before the inmate's minimum parole eligibility date. Cal. Penal Code § 3041(a). Thus, Petitioner's contention that he has been unconstitutionally denied parole suitability hearings for his 1993 sentence is duplicitous and clearly without merit.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 9, 2025**                    /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE