**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GADDY,<br><br>            Petitioner,<br><br>    v.<br><br>P. HORN,<br><br>            Respondent. | Case No. 1:25-cv-0490 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 5)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

       Michael Gaddy is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that has not yet received a parole suitability hearing pursuant to California law, in violation of his due process rights. (*See generally* Doc. 1.) The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and found Petitioner's "claim does not sound in habeas and is clearly frivolous." (Doc. 5 at 2.) The magistrate judge observed, "Under California law, Petitioner's minimum term of imprisonment before eligibility for parole is 32 years from 2007, i.e., 2039." (*Id.* at 3.) Towards that end, the magistrate judge found the assertion that Petitioner was unconstitutionally denied parole was "duplicitous and clearly without merit." (*Id.*) Therefore, the magistrate judge recommended the Court summarily dismiss the petition with prejudice. (*Id.* at 4.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days.  (Doc. 5.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  In addition, the Court declines to issue a certificate of appealability.

A state prisoner seeking a writ of habeas corpus does not have an absolute entitlement to appeal the denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  If a court denies a petition, it may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In the present case, Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 12, 2025 (Doc. 5) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to enter judgment and close the case.
4. The Court declines to issue a certificate of appealability.

///

1 | This order terminates the action in its entirety.

3 | IT IS SO ORDERED.

4 | Dated: **June 12, 2025**

_____
UNITED STATES DISTRICT JUDGE