UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY, | No. 1:25-cv-00490 JLT SKO (HC) |
| Petitioner, | ORDER CONSTRUING PETITIONER'S REQUEST TO FILE OBJECTIONS AS MOTION TO REOPEN PURSUANT TO RULE 60(b), AND DENYING MOTION |
| v. | |
| P. HORN, | (Doc. 5) |
| Respondent. | |

Michael Gaddy is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      PROCEDURAL BACKGROUND**

On May 12, 2025, the assigned Magistrate Judge issued Findings and Recommendations to dismiss the petition. (Doc. 5.) The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days. (Doc. 5.) Objections were not filed within the allotted time, and the Court adopted the Findings and Recommendations and dismissed the case. (Doc. 7.)

On June 23, 2025, Petitioner filed a request to file objections along with his objections. (Docs. 9, 10.) Petitioner states he mailed the objections to the Court prior to the deadline but does

not know why the Court did not receive them. The Court has reviewed the docket and finds no evidence of objections being timely submitted. Since the case is closed, the Court will construe his request as motion to reopen pursuant to Fed. R. Civ. P. 60(b) and will address his objections.[1]

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b) governs the procedure for obtaining relief from final judgments and applies to requests seeking to reopen previously dismissed petitions brought pursuant to 28 U.S.C. § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 534–35 (2005). Motions to reopen premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud (Rule 60(b)(3)) must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b)(1)–(3). If the asserted ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)–(5), relief may be available under the residual provision of the rule. *See* Fed. R. Civ. P. 60(b)(6) (permitting a court to relieve a party from a final judgment for "any other reason that justifies relief").

After considering Petitioner's objections, the Court does not find any reason justifying relief from final judgment. In his objections, Petitioner contends the recitation of his state court sentence is incorrect. He states he is not serving the 32-year sentence from Kings County but is still serving the life sentence with possibility of parole plus 11 years, 8 months, sustained in 1993. (Doc. 10 at 2.) He states he is not attempting to challenge the actual sentence; therefore, he is not challenging his state sentencing law. (*Id*.) Rather, he claims his constitutional rights have been violated because the California Department of Corrections and Rehabilitation has failed to set a parole suitability hearing. (*Id*.)

Petitioner's contentions do not merit relief. First, however he characterizes his claim, he is still challenging state sentencing law. Petitioner is serving a life sentence, and "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Correctional*

---

[1] Even if the objections were considered to have been timely filed, it would not change the outcome.

2

*Complex*, 442 U.S. 1, 8 (1979). Petitioner is entitled to federal habeas relief only if he is being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal habeas corpus relief "does not lie for error of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citations omitted). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

Second, the Court lacks jurisdiction because granting Petitioner the relief he seeks – a parole date – would not advance his release date. Habeas corpus "is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487-89 (1973). When success on a petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," those claims do not fall within the "core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*). Further, if a claim does not lie at "the core of habeas corpus," then "it may not be brought in habeas corpus." *Nettles*, 830 F.3d at 931, 934 (citation omitted).

Because Petitioner was sentenced to an indeterminate sentence of life with possibility of parole, Petitioner may only be released from prison if the Board of Parole Hearings and Governor independently conclude Petitioner no longer poses a threat to public safety. *See* Cal. Penal Code § 3041(b); *In re Lawrence*, 44 Cal. 4th 1181, 1212 (2008). Thus, ordering a parole date be set would not definitively impact the fact or duration of Petitioner's confinement. Put another way, success on the claims raised in the instant petition would not necessarily shorten his sentence. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). An advancement of Petitioner's parole review date provides

only "a ticket to get in the door of the parole board" and "will in no way guarantee parole or necessarily shorten [his] prison sentence[ ] by a single day." *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). Under *Neal* and *Nettles*, such an outcome does not necessarily result in a prisoner's speedier release from prison.

Absent a showing that success on his claim would "alter the calculus for the review of parole requests" so as to "compel the grant of parole," Petitioner's claim does not lie at the core of habeas corpus. *See Nettles*, 830 F.3d at 934; *see also Neal*, 131 F.3d at 824. Accordingly, Petitioner's claim regarding eligibility for a parole suitability hearing is not cognizable on habeas review. *Nettles*, 830 F.3d at 934 (quoting *Skinner*, 562 U.S. at 535 n.13). At best, then, Petitioner's challenge to the Board's decision not to set a parole hearing date at the present time only challenges the Board's compliance or non-compliance with state statutes and regulations governing the scheduling of parole suitability hearings, and it does not present a federal question. *See Whitfield v. Vaughn*, 272 Fed. Appx. 591, 592 (9th Cir.2008) (holding that a claim that the Board "failed to set a parole hearing within time frame mandated by California law" alleged only a state law violation not cognizable on federal habeas review).

As previously discussed in the order dismissing the petition, the federal due process protections do not include adherence to California procedures. *Swarthout v. Cooke*, 562 U.S. 216 (2011). The Supreme Court stated, "we have long recognized that 'a "mere error of state law" is not a denial of due process.'" *Id*. at 221 (internal citations omitted). Based upon the foregoing, the Court **ORDERS**:

1. Petitioner's request to file objections is **CONSTRUED** as a motion to reopen pursuant to Fed. R. Civ. P. 60(b).
2. Petitioner motion to reopen is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 7, 2025**

UNITED STATES DISTRICT JUDGE

4